IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 JAN 12 PM 3: 38
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| COREY GRIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 605-151 |
| ) | |
| JAMES DONALDSON, HUGH SMITH, ) | |
| STEVE ROBERTS, JUANITA WILLIAMS, ) | |
| PORCHER CHOICE, OLAN STRICKLAND, ) | |
| DAVID RAMSEY, LAWRENCE HARPER, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: 1) whether they have brought other federal lawsuits while incarcerated, 2) whether they were allowed to proceed IFP in any such lawsuits, and 3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 1-3). In response, Plaintiff indicated that he has never before brought any lawsuit in federal court.[2] (Id. at 2-3). Plaintiff's response was made under penalty of perjury. (Id. at 5).

Contrary to Plaintiff's assertion, the Court is aware of at least one case which Plaintiff

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

[2] Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2).

2

has previously filed in this District. See Grier v. Reddish, CV 696-129 (S.D. Ga. July 16, 1997). Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3]

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

SO REPORTED and RECOMMENDED this ⟨27⟩ day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] The practice of dismissing a case as a sanction for providing false information about a prior filing history has been previously utilized in the Southern District. See Shaw v. Smith, 6:2003-cv-00066 (S.D. Ga. May 30, 2003).